FILED

2012 APR -6  PM 3: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Anthony J. Oncidi (State Bar No. 118135)
   aoncidi@proskauer.com
2  Robert H. Horn (State Bar No. 134710)
   rhorn@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East
4  32nd Floor
   Los Angeles, California 90067-3206
5  Telephone:  (310) 557-2900
   Facsimile:   (310) 557-2193
6
7  Attorneys for Plaintiff
   Aaron L. Mintz

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  AARON L. MINTZ, an individual,          Case No. **CV12-3055** MCP (SHx)

12                        Plaintiff,
                                            **COMPLAINT FOR DAMAGES
13         vs.                              AND INJUNCTIVE RELIEF**

14  MARK BARTELSTEIN &                      1.  **VIOLATION OF THE
    ASSOCIATES, INC., d/b/a Priority            COMPUTER FRAUD AND
15  Sports & Entertainment; and MARK           ABUSE ACT (18 U.S.C. § 1030);**
    BARTESTEIN, an individual,
16                                          2.  **VIOLATION OF THE
                          Defendants.           ELECTRONIC
17                                              COMMUNICATIONS AND
                                                PRIVACY ACT (18 U.S.C.
18                                              § 2501 ET SEQ.);**

19                                          3.  **VIOLATION OF THE
                                                CALIFORNIA COMPUTER
20                                              DATA ACCESS AND FRAUD
                                                ACT (CAL. PENAL CODE
21                                              § 502);**

22                                          4.  **DEFAMATION;**

23                                          5.  **INVASION OF PRIVACY;**

24                                          6.  **INTERFERENCE WITH
                                                PROSPECTIVE ECONOMIC
25                                              ADVANTAGE; AND**

26                                          7.  **UNFAIR BUSINESS ACTS
                                                AND PRACTICES (CAL. BUS.
27                                              & PROF. CODE §§ 17200 ET
                                                SEQ.)**
28
                                            **DEMAND FOR JURY TRIAL**

Plaintiff Aaron L. Mintz ("Mintz"), for his claims against defendant Mark Bartelstein & Associates, Inc., d/b/a Priority Sports & Entertainment ("Priority Sports") and defendant Mark Bartelstein ("Bartelstein") (collectively, "Defendants"), alleges upon knowledge with respect to his own acts, and upon information and belief as to all other matters, as follows.

## INTRODUCTION

1.      In the time since Mintz voluntarily resigned his employment with Priority Sports on March 23, 2012, Defendants have launched an aggressive and unrelenting campaign of illegal conduct, which notably has included impersonating Mintz in order to gain unauthorized access to his private and confidential Gmail account.  Defendants have also made false statements about Mintz to one or more third parties in Defendants' effort to interfere with Mintz's prospective economic relationships with clients.  Defendants have engaged in this conduct solely because Mintz has exercised his statutorily guaranteed right as a California citizen to pursue his lawful business activities consistent with California Business and Professions Code § 16600.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332.  This Court also has supplemental jurisdiction over Mintz's state statutory and common law claims pursuant to 28 U.S.C. § 1367.

3.      The dispute arises as a federal question because it involves the violation of two federal statutes, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the Electronic Communications and Privacy Act ("ECPA"), 18 U.S.C. § 2501, et seq.

4.      The parties are of diverse citizenship.  Mintz is a citizen of the State of California and resides in Los Angeles, California.  Priority Sports is a corporation organized under the laws of the State of Illinois, with its principal place of business

1  in Chicago, Illinois.  Upon information and belief, Bartelstein is a citizen of the

2  State of Illinois and resides in Highland Park, Illinois.

3      5.      The amount in controversy exceeds $75,000, exclusive of interest and

4  costs.  Damages that Mintz has suffered and will continue to suffer as a result of the

5  violation of the federal statutes referenced above and the other claims asserted

6  herein exceed $75,000.  Typically, representation agreements with athletes provide

7  for the agent to receive as compensation for his services a percentage of the gross

8  value of all existing and future contracts and commercial opportunities.  While the

9  compensation paid to professional basketball players and the commissions that in

10  turn are earned by the agent vary depending upon the player's status and other

11  factors, the gross value of such contracts and commercial opportunities is in the

12  millions of dollars.  The clients Mintz served while at Bartelstein include some of

13  the most recognizable and talented NBA players.  These former clients are likely to

14  earn many millions of dollars in employment and endorsement contracts, from

15  which Mintz (and his new employer) would, but for the onerous and unlawful

16  noncompetition provisions in Mintz's employment contract, earn commissions well

17  in excess of $75,000.

18      6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391,

19  as it is where a substantial part of the events giving rise to the claim alleged in this

20  complaint.

21                              **PARTIES**

22      7.      Mintz is a citizen of the State of California who resides in Los

23  Angeles, California.  Mintz is a certified athlete agent, as defined in California

24  Business and Professions Code § 18895.2(b)(1), and is engaged in the business of

25  procuring employment for professional basketball players with professional sports

26  teams and organizations.

27      8.      Priority Sports is a corporation organized under the laws of the State of

28  Illinois, with its principal place of business and headquarters in Chicago, Illinois.

1   Bartelstein is an individual residing in the State of Illinois and the owner of Priority

2   Sports.  Priority Sports and Bartelstein are engaged in the business of recruiting and

3   soliciting athletes to enter into agent, endorsement, and financial services contracts,

4   and procuring employment for athletes with professional sports teams and

5   organizations.  Although Priority Sports has an office in Los Angeles, California, its

6   principal place of business is Chicago, Illinois, and the vast majority of its business

7   activity takes place in Illinois.

8                         **FACTUAL BACKGROUND**

9          9.      From September 25, 2001 until his resignation on March 23, 2012,

10  Mintz was employed by Priority Sports and represented professional basketball

11  players on Priority Sports' behalf.  Throughout his 11-year employment with

12  Priority Sports, Mintz resided and worked in Los Angeles, California.  At the time

13  of his hiring, Mintz was young and fresh out of college, whereas Priority Sports was

14  a leading sports, entertainment and media company with a dominant position in the

15  field of representing professional basketball players.

16         10.     On or about March 23, 2012, Mintz filed an action against Priority

17  Sports seeking a judicial declaration that the noncompetition provisions in the

18  Employment Agreement between Mintz and Priority Sports are unenforceable.  That

19  matters remains pending as Case No. 2:12-cv-02554-SVW-SSx before the Hon.

20  Stephen V. Wilson.  A Notice of Related Case will be filed concurrently with this

21  complaint.

22         11.     Mintz notified Priority Sports and Bartelstein of his resignation on

23  March 23, 2012.  In response, Bartelstein shouted at Mintz:  "You were a nothing.

24  You were a nothing.  You f---ing begged for a job, and I f---ing made you."  After

25  Mintz mentioned that he had filed the declaratory relief action, Bartelstein further

26  shouted, "Wait until I tell the world about this.  You made your bed, you better be

27  ready to lie in it."  Later, Priority Sports employee Kenny Zuckerman

28  ("Zuckerman") indicated to Mintz that he was a highly valued employee and

3

confirmed in writing that he had a "50-year guaranteed deal here [at Priority Sports]" and that Priority Sports could not believe Mintz would walk away from this "guaranteed deal" by quitting his employment with Priority Sports.

12.     In the time since Priority Sports and Bartelstein failed in their efforts to convince Mintz to reconsider his decision to resign from Priority Sports, they have retaliated against Mintz by embarking upon an unrelenting campaign to destroy Mintz's reputation in the business community in which he and Defendants operate. They have spread false and malicious rumors and innuendo about Mintz, including making misrepresentations to colleagues, clients and families of clients (who are often influential in the decision-making process concerning which sports agent to engage) about Mintz's accomplishments and qualification to continue to represent such clients at his new place of business.

13.     On or about March 25, 2012, Priority Sports and Bartelstein gained unauthorized access (*i.e.*, "hacked") into Mintz's personal Gmail account and spent approximately two hours rummaging through Mintz's personal and confidential e-mail. Mintz is informed and believes that Defendants obtained his confidential proprietary information, including a copy of the confidential employment agreement that he had entered into with his new employer after resigning from Priority Sports. Priority Sports and Bartelstein have since used the information they illegally obtained from Mintz's personal Gmail account in their ongoing efforts to interfere with his attempt to lawfully compete with Priority Sports as is his right as a California employee and citizen pursuant to California Business and Professions Code § 16600.

14.     On March 26, 2012, the day after gaining unauthorized access to Mintz's Gmail account, Zuckerman wrote to Mintz, with a copy to Bartelstein and another Priority Sports agent, "I'm in shock! Rumor on the street is that [your new employer] is paying you less money over 4 years then [sic] you would have made here."

15.    Mintz alleges upon information and belief that on or about March 27, 2012, Zuckerman disclosed to a third party the salary that Mintz expects to earn in each year of his employment agreement with his new employer.  Priority Sports, Bartelstein and Zuckerman could not have known this information except through their obtaining such information by illegally hacking into Mintz's personal Gmail account and reviewing the employment agreement with his new employer.

16.    Mintz alleges upon information and belief that on or about March 27, 2012, Bartelstein falsely stated to a third party with substantial influence over a potential client that a general manager of an NBA franchise was so "disgusted and disappointed" with Mintz because he had quit his employment with Priority Sports that the general manager would no longer deal with Mintz, thus suggesting and implying that Mintz could not adequately represent the basketball player in future negotiations with that general manager.  In the same conversation, Bartelstein falsely stated that while employed by Priority Sports, Mintz was a mere "runner and recruiter" who did not deal with general managers of NBA teams and further falsely stated that the aforementioned general manager always dealt with Bartelstein and never dealt with Mintz.

17.    Mintz alleges upon information and belief that on March 29, 2012, Bartelstein told a third party with substantial influence over two potential clients that, among other things, they should stay away from Mintz because he (Bartelstein) is going to make Mintz the "plague" of the NBA.

18.    Mintz alleges upon information and belief  that on March 30, 2012, after Defendants hacked into Mintz's personal Gmail account, Priority Sports employee Kenny Zuckerman disclosed the following confidential information to a third party:  (i) Priority Sports knows the specific salary specified in Mintz's employment contract with his new employer (including future pay increases); (ii) Mintz's employment contract with his new employer provides for Mintz to be paid less money than he was paid at Priority Sports; (iii) the virtually exact salaries

specified in years one, two and three of Mintz's employment contract with his new employer; and (iv) Mintz's employment contract with his new employer provides for a fourth year of employment depending on the amount of business Mintz produces for his new employer.  Priority Sports, Bartelstein and Zuckerman could not have known this information except through hacking into Mintz's personal Gmail account and reviewing the employment agreement with his new employer.  In addition, Mintz further alleges upon information and belief that Zuckerman stated to a third party that Mintz was a "real idiot" because Priority Sports was able to access his personal e-mail account.  Bartelstein also told the third party that he is going to spend every last cent he has earned, and is going to hire the most expensive lawyers in Los Angeles, to go after Mintz.

19.     Mintz alleges upon information and belief that on April 1, 2012, Bartelstein told a potential Mintz client that Bartelstein could put Mintz in jail for plotting and planning to steal clients.

20.     Mintz alleges upon information and belief that on April 3, 2012, Bartelstein stated to a potential Mintz client, "Why would you go with an agent [Mintz] who's not going to be allowed to work in the business for the next two years?"  Mintz further alleges upon information and belief on April 3, 2012, Bartelstein stated to another potential Mintz client that Mintz is not going to be able to work in the business and that there will be litigation.

21.     Defendants made these and the other statements alleged herein in an unlawful attempt to dissuade the potential clients from signing with Mintz or otherwise doing business with Mintz.

# FIRST CLAIM FOR RELIEF

## For Violation of the Computer Fraud and Abuse Act

## (18 U.S.C. § 1030)

## (Against All Defendants)

22.     Mintz incorporates herein by this reference the allegations in paragraphs 1 through 21 above.

23.     Upon information and belief Mintz alleges that Defendants have violated section 1030(a)(2)(C) of the CFAA by intentionally accessing a computer used for interstate commerce or communication, without authorization, and by obtaining information from such protected computer.

24.     Upon information and belief Mintz alleges that Defendants have violated section 1030(a)(4) of the CFAA by knowingly, and with intent to defraud Mintz, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and by means of such conduct furthered the intended fraud and obtained one or more things of value, including but not limited to Mintz's employment agreement with his new employer and, upon information and belief, privileged communications between Mintz and his attorneys.

25.     Mintz is informed and believes, and thereon alleges, that he has suffered damages or loss as the result of Defendants' wrongful conduct as alleged herein in excess of $5,000.

# SECOND CLAIM FOR RELIEF

## For Violation of the Electronic Communications and Privacy Act

## (18 U.S.C. § 2501, et seq.)

## (Against All Defendants)

26.     Mintz incorporates herein by this reference the allegations in paragraphs 1 through 21 above.

27.     Upon information and belief Mintz alleges that Defendants have violated sections 2511(1)(a), (c) and (d) of the Electronic Communications and

7

Privacy Act ("ECPA") by intentionally intercepting, or procuring another person to intercept, electronic communications; intentionally disclosing the contents of such communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of the ECPA; and using, or endeavoring to use, such information knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of the ECPA.

28.    As a direct and proximate result of Defendants' unlawful conduct within the meaning of the ECPA, Defendants have caused damage to Mintz in an amount to be proven at trial.

29.    The aforementioned acts of Defendants were willful and malicious in that Defendants' acts described above were done with the deliberate intent to injure Mintz in his lawful business pursuits and to improve Defendants' business.  Mintz is therefore entitled to punitive damages.

30.    Mintz has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Mintz to injunctive relief.

31.    Mintz is entitled to recover his reasonable attorneys' fees and litigation costs pursuant to section 2520(b)(3) of the ECPA

### THIRD CLAIM FOR RELIEF

### For Violation of the California Data Access and Fraud Act

### (Cal. Penal Code § 502)

### (Against All Defendants)

32.    Mintz incorporates herein by this reference the allegations in paragraphs 1 through 21 above.

33.    Mintz owns the data that comprises the confidential and proprietary information referenced above.

34.     Defendants have violated California Penal Code § 502(c)(1) by knowingly accessing and without permission using data from Mintz's computer and personal Gmail account to devise or execute a scheme to defraud or deceive, or to wrongfully obtain money, property, or data.

35.     Defendants have violated California Penal Code § 502(c)(2) by knowingly and without permission accessing, taking, copying, and making use of programs, data, and files from Mintz's computer and personal Gmail account.

36.     Defendants have violated California Penal Code § 502(c)(6) by knowingly and without permission providing or assisting in providing a means of accessing Mintz's computer and personal Gmail account.

37.     Defendants have violated California Penal Code § 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, Mintz's computer and personal Gmail account.

38.     As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Defendants have caused damage to Mintz in an amount to be proven at trial.

39.     The aforementioned acts of Defendants were willful and malicious in that they were done with the deliberate intent to injure Mintz in his business and to improve Defendants' business, and further to injure Mintz personally.  Mintz is therefore entitled to punitive damages in an amount to be proven at trial.

40.     Mintz has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Mintz to injunctive relief.

41.     Mintz is also entitled to recover his reasonable attorneys' fees pursuant to California Penal Code § 502(e).

# FOURTH CLAIM FOR RELIEF

## For Defamation

### (Against all Defendants)

42.    Mintz incorporates herein by this reference the allegations in paragraphs 1 through 21 above.

43.    As alleged above, since Mintz terminated his employment with Priority Sports on March 23, 2012, Defendants have engaged in a variety of unlawful acts designed to prevent prospective clients from entering into contracts with Mintz for his services.  Such acts include making false and defamatory statements about Mintz to third parties.  These statements include the following: (i) Mintz is not qualified to be an athlete agent; (ii) while Mintz was employed by Priority Sports he was a mere "runner and recruiter" who did not deal with general managers of NBA teams; (iii) Mintz had never in his life negotiated a contract for a professional basketball player; (iv) Mintz was dishonest and deceitful during his employment with Priority Sports; (v) a general manager of an NBA franchise was so disgusted and disappointed with Mintz's decision to leave Priority Sports that the general manager would no longer deal with Mintz; (vi) the aforementioned general manager always dealt with Bartelstein and never dealt with Mintz during his employment with Priority Sports; and (vii) that Defendants are going "to put Mintz in jail for plotting and planning to steal clients" from Priority Sports.

44.    These statements were slanderous per se because they tend to injure Mintz in his occupation and business by imputing to him a general disqualification in those respects that the occupation and business requires and lessens the income that Mintz could earn from his occupation and business.  These statements further state and suggest that Mintz has committed one or more crimes in connection with his voluntary resignation from employment with Priority Sports and the exercise of his rights as a California citizen under California Business and Professions Code § 16600.

45.     As a proximate result of the above-described publications, Mintz has suffered loss of his reputation, shame, and emotional distress, all to his general damage in an amount to be proven at trial.

46.     The above-described publications by Defendants were willful and malicious in that they were done with the deliberate intent to injure Mintz in his business and to improve Defendants' business, and further to injure Mintz personally.  Mintz is therefore entitled to punitive damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### For Invasion of Privacy

### (Against all Defendants)

47.     Mintz incorporates herein by this reference the allegations in paragraphs 1 through 21 above.

48.     On or about March 25, 2012, Defendants invaded Mintz's right to privacy by accessing his personal Gmail account and reviewing confidential and proprietary information contained in stored e-mail without authorization. Defendants then publicly disclosed Mintz's confidential and proprietary information relating to his contract with his new employer to third parties as alleged above.

49.     The information unlawfully obtained and disclosed by Defendants consisted of private information and facts that Mintz desired to keep confidential.

50.     The information disclosed by Defendants was objectionable and offensive to Mintz and to a person of ordinary sensibilities in that it revealed his salary and other confidential and private terms of his contract with his new employer.

51.     The private facts disclosed by Defendants were not newsworthy or of legitimate public concern.

52.     As a proximate result of the disclosures, Mintz has suffered loss of reputation and standing in the business community, all of which caused him

1   humiliation, embarrassment, mental anguish, and suffering, all to his general

2   damage in an amount to be proven at trial.

3        53.    As a further proximate result of the disclosures, Mintz has suffered

4   injury to his business, in that he has lost existing or potential clients, all to his

5   general damage in an amount to be proven at trial.

6        54.    The aforementioned acts of Defendants were willful and malicious in

7   that they were done with the deliberate intent to injure Mintz in his business and to

8   improve Defendants' business, and further to injure Mintz personally.  Mintz is

9   therefore entitled to punitive damages.

10       55.    Mintz has also suffered irreparable injury from these acts, and due to

11   the continuing threat of such injury, has no adequate remedy at law, entitling Mintz

12   to injunctive relief.

### SIXTH CLAIM FOR RELIEF

#### For Interference with Prospective Economic Relations

#### (Against All Defendants)

16       56.    Mintz incorporates herein by this reference the allegations in

17   paragraphs 1 through 21 above.

18       57.    Mintz has an expectancy in continuing and advantageous economic

19   relationships with former and prospective clients seeking his athlete agent services.

20       58.    These relationships contain the probability of future economic benefit

21   in the form of profitable agent-client services and commissions.  Had Defendants

22   refrained from engaging in the unlawful and wrongful conduct described in this

23   complaint, there is a substantial probability that Mintz's former and prospective

24   clients would have signed agent-player contracts with Mintz rather than continuing

25   to be represented by Defendants.

26       59.    Defendants were aware of these economic relationships and have

27   sought to interfere with and disrupt them by unlawfully and wrongfully accessing

28   Mintz's personal Gmail account, taking and using Mintz's confidential and

proprietary information, disclosing such information to Mintz's prospective clients, and making the defamatory statements to prospective clients alleged above. These acts were undertaken by Defendants to obtain for themselves business revenue at Mintz's expense without competing fairly for the business.

60.    Defendants' conduct was wrongful by a measure beyond the fact of the interference itself. Defendants gained unauthorized access to Mintz's password-protected personal Gmail account through false and improper credentials, copied Mintz's proprietary and confidential information, and used that information in an effort to retain Mintz's current and prospective clients.

61.    Defendants further interfered with Mintz's prospective economic relations by causing and compelling him to execute an employment agreement that contained an illegal covenant not to compete in violation of California Business and Professions Code § 16600. The mere inclusion of such an illegal covenant in an employment agreement with a California employee is a tortious act. *See, e.g., Edwards v. Arthur Andersen, LLP*, 44 Cal. 4th 937 (2008).

62.    The conduct as alleged above constitutes violations of numerous state an federal statutes and codes, including, but not limited to, violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; wire fraud, 18 U.S.C. § 1343; violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2711; unauthorized access to a computer, California Penal Code § 502; receipt of stolen property, California Penal Code § 496; and California Business and Professions Code § 16600. Defendants' conduct also constitutes trespass to chattels, conversion, unjust enrichment, and conspiracy.

63.    As a result of Defendants' unlawful conduct, the above-described relationships have been actually disrupted, causing certain current and prospective clients not to contract with Mintz for athlete agent services.

64.    As a direct and proximate result of Defendants' unlawful conduct, Mintz has suffered economic harm, including, but not limited to, loss of

13

commissions from athletes' contracts with teams and product endorsement contracts. Defendants' unlawful conduct was a substantial factor in causing this harm.

65.     Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Mintz irreparable injury for which there is no adequate remedy at law.

66.     Defendants' interference with Mintz's prospective economic advantage with his current and future clients, as described above, was willful, malicious, oppressive, and in conscious disregard of Mintz's rights, and Mintz is therefore entitled to an award of punitive damages to punish Defendants for their wrongful conduct and deter future wrongful conduct.

## SEVENTH CLAIM FOR RELIEF

### For Unfair Business Acts and Practices

### (Cal. Bus. & Prof. Code §§ 17200 et seq.)

### (Against All Defendants)

67.     Mintz incorporates herein by this reference the allegations in paragraphs 1 through 21 above.

68.     Defendants have engaged in unlawful business acts or practices by committing acts including computer fraud, trespass, conversion, interference with business relationship, and other illegal acts and practices as alleged above, all in an effort to gain unfair competitive advantage over Mintz.

69.     These unlawful business acts or practices were committed pursuant to business activity related to providing athlete agent services.

70.     The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair competition as defined by California Business and Professions Code §§ 17200, et seq.

71.     The conduct as alleged above constitutes violations of numerous state an federal statutes and codes, including, but not limited to, violation of the Federal

1  Computer Fraud and Abuse Act, 18 U.S.C. § 1030; wire fraud, 18 U.S.C. § 1343;
2  violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2711; unauthorized
3  access to a computer, California Penal Code § 502; receipt of stolen property,
4  California Penal Code § 496; and violation of California Business and Professions
5  Code § 16600.  Defendants' conduct also constitutes trespass to chattels, conversion,
6  unjust enrichment, and conspiracy.
7       72.    Defendants have improperly and unlawfully taken commercial
8  advantage of Mintz's confidential and proprietary information.  In light of
9  Defendants' conduct, it would be inequitable to allow Defendants to retain the
10  benefits of the funds obtained through the unlawful acts and practices.
11       73.    Defendants' unfair business acts and practices have unjustly
12  minimized Mintz's competitive advantage and have caused, and continue to cause,
13  Mintz to suffer losses of property and money.
14       74.    As a result of such unfair competition, Mintz has also suffered
15  irreparable injury and, unless Defendants are enjoined from such unfair competition,
16  will continue to suffer irreparable injury, whereby Mintz has no adequate remedy at
17  law.
18       75.    Defendants should be compelled to disgorge and/or restore any and all
19  revenues, earnings, commissions, profits, compensation, and benefits they may have
20  obtained, or may obtain, in violation of California Business and Professions Code
21  §§ 17200 et seq., and should be enjoined from further unlawful, unfair, and
22  deceptive business practices.  Defendants should be further ordered to return all
23  information and materials taken from Mintz, and all copies of such, in their
24  possession, custody, or control.

# PRAYER FOR RELIEF

WHEREFORE, Mintz prays for a judgment against Defendants as follows:

A.      For general damages to be proven at trial;

B.      For punitive damages to be proven at trial for Defendants' willful and deliberate unauthorized computer access, defamation, invasion of privacy, and intentional interference with Mintz's prospective economic advantage;

C.      For disgorgement of all money obtained by Defendants as a result of their unlawful conduct;

D.      For prejudgment interest;

E.      For an order awarding Mintz his reasonable attorneys' fees and costs; and

F.      For a preliminary and permanent injunction restraining Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with any of them, from:

       (1)      Accessing Mintz's personal computers and personal Gmail account;

       (2)      Disclosing or using any personal or confidential information belonging to Mintz, including, but not limited to, such information obtained from Mintz's personal computers and personal Gmail account;

       (3)      Making any false and defamatory statements regarding Mintz or his employment, including, but not limited to, his experience and qualifications as an athlete agent;

       (4)      Otherwise engaging in acts of unfair competition and interference with business relationships;

1        G.     For such other and further relief as this Court may deem to be just and

2   proper.

3

4   DATED:  April 6, 2012              Anthony J. Oncidi
                                       Robert H. Horn
5                                      PROSKAUER ROSE LLP

6

7                                      By:  _____
                                              Anthony J. Oncidi
8
                                       Attorneys for Plaintiff
9                                      Aaron L. Mintz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Aaron Mintz hereby demands a trial by jury.

DATED:  April 6, 2012

Anthony J. Oncidi
Robert H. Horn
PROSKAUER ROSE LLP

By: _____
                    Anthony J. Oncidi

Attorneys for Plaintiff
Aaron L. Mintz

18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 3055 MRP (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| CENTRAL | District of  CALIFORNIA |
|---|---|

AARON L. MINTZ, an individual,

*Plaintiff*

v.

MARK BARTELSTEIN & ASSOCIATES, INC., d/b/a Priority
Sports & Entertainment; MARK BARTELSTEIN, an individual

*Defendant*

Civil Action No **CV12-3055** ~~mcr~~
~~CSH~~

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Anthony J. Oncidi, Esq.

Robert H. Horn, Esq.

Proskauer Rose LLP

2049 Century Park East, Suite 3200

Los Angeles, California  90067-3206

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: APR - 6 2012

*Signature of Clerk or Deputy Clerk*

AO-440

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                 _____
                                        *Printed name and title*

                                 _____
                                        *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS  (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| AARON L. MINTZ, an individual, | BARTELSTEIN & ASSOCIATES, INC., d/b/a Priority Sports & Entertainment, and MARK BARTELSTEIN, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anthony J. Oncidi (SBN 118135)<br>Robert H. Horn (SBN 134710)<br>Proskauer Rose LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, California 90067-3206<br>(310) 557-2900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** in excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

18 U.S.C. §1030 (violation of Computer Fraud and Abuse Act); 18 U.S.C. §§2501, et seq. (violation of the Electronic Communications and Privacy Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-3055**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [ ] No   [X] Yes

If yes, list case number(s):   CV 12-2554 (SVW) (SSx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [X]   A. Arise from the same or closely related transactions, happenings, or events; or

[X]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[X]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX.   VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date April 6, 2012

Anthony J. Oncidi

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |